UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **XL INDUSTRIAL SERVICES, INC.**<br>703 North Fail Road<br>LaPorte, Indiana 46350,<br><br>                    Plaintiff,<br><br>         v.<br><br>**LIBERTY TERMINAL AT PENNSAUKEN URBAN RENEWAL LLC f/k/a LIBERTY TERMINAL AT PENNSAUKEN, LLC**<br>2 Westchester Park Drive, Suite 107<br>White Plains, New York 10604,<br><br>                    Defendant. | Civil Action No._____<br><br><br>**JURY TRIAL DEMANDED** |

# COMPLAINT

Plaintiff XL Industrial Services, Inc. ("XL"), by and through its undersigned counsel, Cohen Seglias Pallas Greenhall & Furman, P.C., hereby files this Complaint against Defendant Liberty Terminal at Pennsauken Urban Renewal, LLC f/k/a Liberty Terminal at Pennsauken, LLC ("Liberty" or "Defendant") and, in support thereof, avers as follows:

## Parties

1. XL is a corporation organized and existing pursuant to the laws of the State of Indiana, with a principal place of business located at 701 North Fail Road, LaPorte, Indiana 46350.

2. XL is an industrial contractor specializing in construction projects for the petroleum terminal sector.

3. Upon information and belief, Liberty is a limited liability company organized and existing pursuant to the laws of the State of New Jersey, with a corporate office located at 2 Westchester Park Drive, Suite 107, White Plains, New York 10604.

**Jurisdiction and Venue**

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest, fees, and costs.

5. XL is a citizen of Indiana because it was incorporated in Indiana and its principal place of business is in Indiana.

6. Upon information and belief, no member of Liberty is a citizen of Indiana.

7. As a result, there is complete diversity of citizenship between XL and Liberty.

8. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to XL's claim occurred in this judicial district and the underlying construction project is situated in this judicial district.

**Facts**

9. This action arises out of the redevelopment of the former Texaco fuel terminal located at 401 Cove Road in Pennsauken, New Jersey, 08110 (the "Project").

10. Upon information and belief, Liberty is an owner in fee simple of the Project.

11. Upon information and belief, Liberty is directing the redevelopment efforts by contracting for improvements to the Project.

12. XL performed numerous scopes of work on the Project pursuant to purchase orders that Liberty issued to XL in 2022 and 2023.

13. On August 3, 2023, XL submitted a proposal to Liberty whereby XL offered to furnish the labor, supervision, materials, and equipment for the installation of certain mechanical work for the Phase 1 Pipe Rack at the Project, in exchange for payment of $1,199,993.

14. On August 7, 2023, Liberty accepted XL's offer by issuing Purchase Order #LTP-08072023-01 (the "PO"). A true and correct copy of the PO is attached hereto and incorporated herein as **Exhibit A**.

15. The PO attached XL's proposal and incorporated its terms into the PO. *See* Ex. A at 3.

16. Pursuant to the PO, Liberty was to furnish all permanent material, such as pipe, valves, fittings, flanges, studs, gaskets, which XL was to unload, stage, and install per plans supplied by Liberty. *See* Ex. A at 3.

17. On August 7, 2023, the same day Liberty issued the PO, Liberty notified XL that it was expecting shipments of pipe and material the same week.

18. Based on Liberty's notification, XL immediately mobilized labor to the Project to be prepared to receive the anticipated pipe.

19. The pipe did not arrive when planned. As a consequence, XL directed its labor (already mobilized to the Project) to perform other productive tasks in anticipation that the pipe would arrive shortly.

20. Liberty then advised XL that the pipe would arrive on August 11.

21. The pipe did not arrive on August 11.

22. XL continued to direct its labor to perform other tasks while awaiting delivery of the pipe.

23. Liberty then advised XL the pipe would arrive on August 14.

24. The pipe did not arrive on August 14.

25. Ultimately, the pipe arrived on August 21.

26. In the interim, XL's labor performed other productive tasks.

27. At all times, Liberty knew that XL had labor on the Project site and was aware of the work being performed by XL.

28. Upon arrival of the pipe on August 21, Liberty directed XL to ramp up its manpower to perform the pipe installation.

29. As directed, XL assigned additional welders to perform work on the Project.

30. On August 22, Liberty canceled the PO and asked XL to provide a revised proposal to include additional scopes of work.

31. The parties nevertheless agreed that XL should continue working while they negotiated revisions to the scope and pricing.

32. On August 25, Liberty again demanded that XL provide additional manpower to the Project.

33. On August 27, Liberty directed XL to cease work on the Project and demobilize while the parties continued negotiations.

34. Thereafter, XL provided Liberty with the requested revised pricing.

35. On September 23, Liberty informed XL that the Phase 1 Pipe Rack work had been awarded to another contractor.

36. On October 27, XL submitted an invoice to Liberty for the work it performed under the PO and at Liberty's direction between August 7 until demobilization, totaling $97,845.99.

37. To date, and despite demand, Liberty has failed and refused to pay any amount of XL's invoice.

38. XL has fulfilled all of its obligations and conditions precedent to payment and to this litigation, or such conditions were waived, excused, or discharged.

## COUNT I
## BREACH OF CONTRACT

39. XL hereby incorporates the preceding paragraphs as if fully set forth herein.

40. The PO, including directed extra work, is a binding and enforceable contract between XL and Liberty.

41. XL performed all of its work and obligations under the PO in a timely, professional, and workmanlike manner.

42. Liberty accepted XL's work and never notified XL of any workmanship deficiencies.

43. XL has satisfied and/or Liberty has waived any conditions precedent to the enforcement of the PO.

44. Liberty materially breached the PO by, among other acts and/or omissions:

   a. Improperly terminating the PO;

   b. Failing to pay XL's outstanding invoice for work performed pursuant to the PO;

   c. Failing to pay XL for directed extra work; and

   d. Failing to compensate XL for the profit it expected to earn had it been permitted to fully perform the work of the PO.

45. As a direct and proximate result of Liberty's material breaches, XL has been damaged in excess of $100,000.

**WHEREFORE**, Plaintiff XL Industrial Service, Inc. demands judgment in its favor and against Defendant Liberty Terminal at Pennsauken Urban Renewal, LLC f/k/a Liberty Terminal at Pennsauken, LLC, in an amount in excess of $100,000, together with interest, costs of suit, and all other relief as the Court deems just and proper.

## COUNT II
## ACCOUNT STATED

46. XL hereby incorporates the preceding paragraphs as if fully set forth herein.

47. XL contracted with Liberty to provide labor, supervision, materials, and equipment to the Project.

48. The negotiated contractual terms agreed to between XL and Liberty provided expressly and/or impliedly that Liberty would compensate XL for the labor, supervision, materials, and equipment it provided to the Project.

49. XL duly, timely, and properly performed the agreed-upon work on the Project.

50. XL sent an invoice to Liberty and duly demanded payment for the labor, supervision, materials, and equipment provided to the Project.

51. Liberty raised no timely dispute or objection to the work performed by XL or to the invoice received.

52. Despite due demand for payment by XL, Liberty has failed and refused to pay XL the amount of $97,845.99.

**WHEREFORE**, Plaintiff XL Industrial Service, Inc. demands judgment in its favor and against Defendant Liberty Terminal at Pennsauken Urban Renewal, LLC f/k/a Liberty Terminal at Pennsauken, LLC, in the principal amount of $97,845.99, together with interest, costs of suit, and all other relief as the Court deems just and proper.

## COUNT III
## VIOLATION OF THE NEW JERSEY PROMPT PAYMENT ACT

53. XL hereby incorporates the preceding paragraphs as if fully set forth herein.

54. The New Jersey Prompt Payment Act (the "Act") provides, among other things, that if a contractor, such as XL, has performed in accordance with the provisions of a contract with

the owner, such as Liberty, and the billing for the work has been approved by the owner, the owner shall pay the amount due to the contractor within 30 calendar days of the billing date. See N.J.S.A. 2A:30A-2(a).

55. The Act further provides that a billing shall be deemed approved and certified unless, within 20 days of receipt of the billing, the owner provides a written statement of the amount withheld and the reason for withholding. See N.J.S.A. 2A:30A-2(a).

56. The Act further provides that if payment is not made in a timely manner, the delinquent party shall be liable for the amount of money owed under the contract plus interest at a rate equal to the prime rate plus 1%. N.J.S.A. 2A:30A-2(c).

57. The Act further provides that if a civil action is commenced to recover payments under the Act, the prevailing party shall be awarded reasonable costs and attorneys' fees. Id. at (f).

58. XL is a "contractor" under the Act. N.J.S.A. 2A:30A-1.

59. Liberty is an "owner" under the Act. N.J.S.A. 2A:30A-1.

60. Liberty did not provide a written statement of the reason for its non-payment of XL's invoice.

61. Nevertheless, Liberty has refused to pay XL's invoice in full, despite the fact that XL satisfactorily provided the labor, materials and equipment requested and accepted by Liberty.

62. Liberty has violated the Act and is liable to XL for the outstanding invoice in the amount of $97,845.99, plus interest, attorneys' fees, costs, and all other relief provided by the Act.

**WHEREFORE**, Plaintiff XL Industrial Service, Inc. demands judgment in its favor and against Defendant Liberty Terminal at Pennsauken Urban Renewal, LLC f/k/a Liberty Terminal at Pennsauken, LLC, in an amount in excess of $100,000, together with interest, costs of suit, attorneys' fees, and all other relief as the Court deems just and proper.

## COUNT IV
### QUANTUM MERUIT (in the alternative)

63. XL hereby incorporates the preceding paragraphs as if fully set forth herein.

64. XL supplied labor, supervision, materials, and equipment to the Project in good faith and for Liberty's benefit, fully expecting compensation for the same.

65. XL supplied labor, supervision, materials, and equipment to the Project under circumstances that put Liberty on notice that XL expected payment for the same.

66. Liberty has accepted the labor, supervision, materials, and equipment that XL provided to the Project.

67. Liberty has received the benefit and use of the labor, materials, and equipment that XL provided to the Project.

68. XL is entitled to the *quantum meruit* value of the labor, materials, and equipment that it provided to the Project and that Liberty accepted.

69. The reasonable *quantum meruit* value of the labor, materials, and equipment that XL provided to the Project and for which Liberty has failed and refused to pay XL is $97,845.99.

**WHEREFORE**, Plaintiff XL Industrial Service, Inc. demands judgment in its favor and against Defendant Liberty Terminal at Pennsauken Urban Renewal, LLC f/k/a Liberty Terminal at Pennsauken, LLC, in the principal amount of $97,845.99, together with interest, costs of suit, and all other relief as the Court deems just and proper.

## COUNT V
### UNJUST ENRICHMENT (in the alternative)

70. XL hereby incorporates the preceding paragraphs as if fully set forth herein.

71. XL supplied labor, supervision, materials, and equipment to the Project in good faith and for Liberty's benefit, fully expecting compensation for the same.

72. Liberty had an objective expectation to pay XL for the labor, supervision, materials, and equipment that it provided to the Project.

73. Liberty has enjoyed the benefit and use of the labor, supervision, materials, and equipment that XL provided to the Project.

74. Liberty's retention of the benefits of the labor, supervision, materials, and equipment that XL provided to the Project, without fully compensating XL for the same, would be unjust.

75. Liberty has been unjustly enriched in the amount of $97,845.99.

**WHEREFORE**, Plaintiff XL Industrial Service, Inc. demands judgment in its favor and against Defendant Liberty Terminal at Pennsauken Urban Renewal, LLC f/k/a Liberty Terminal at Pennsauken, LLC, in the principal amount of $97,845.99, together with interest, costs of suit, and all other relief as the Court deems just and proper.

## COUNT VI
## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

76. XL hereby incorporates the preceding paragraphs as if fully set forth herein.

77. Every contract in the State of New Jersey imposes a covenant of good faith and fair dealing on the contracting parties.

78. Liberty was obligated by the PO to engage with XL with good faith and fair dealing.

79. Liberty engaged in the acts and omissions enumerated herein, including, without limitation, refusing to pay XL for all work completed on the Project and wrongfully terminating the PO without a basis to do so.

80. Liberty has acted, and continues to act, in bad faith towards XL, and has thereby breached and continues to breach the covenant of good faith and fair dealing.

81. As a direct and proximate result of Liberty's breaches of the covenant of good faith and fair dealing, XL has sustained damages in an amount in excess of $100,000.

**WHEREFORE**, Plaintiff XL Industrial Service, Inc. demands judgment in its favor and against Defendant Liberty Terminal at Pennsauken Urban Renewal, LLC f/k/a Liberty Terminal at Pennsauken, LLC, in an amount in excess of $100,000, together with interest, costs of suit, and all other relief as the Court deems just and proper.

### CERTIFICATION PURSUANT TO L. CIV. R. 11.2

The undersigned hereby certifies that the matter in controversy is not the subject of any pending arbitration or other litigation, nor is any other arbitration or other litigation contemplated.

Respectfully submitted,

**COHEN, SEGLIAS, PALLAS,
GREENHALL & FURMAN, P.C.**

BY: __/s/ Sydney Pierce_____
Sydney Pierce, Esq.
NJ Bar ID # 293082019
1600 Market Street, 32nd Floor
Philadelphia, PA 19103
(215) 564-1700
spierce@cohenseglias.com
*Attorney for Plaintiff*
*XL Industrial Services, Inc.*

Dated: June 10, 2024

9210847.4 59558-0001